PRICE, Judge.
Fred J. Bernal brought this suit under the provisions of the workmen’s compensation statute seeking benefits for an alleged total and permanent disability resulting from an injury received while in the employment of Ram Auto Supply, Inc. Defendants are Ram and its compensation insurer, Employers Commercial Union Insurance Company.
Plaintiff also seeks statutory penalties and attorney fees against the insurer for an alleged arbitrary and capricious refusal to pay benefits provided by the statute.
The trial court awarded plaintiff a total sum of $2,057.00 for a partial permanent disability under the provisions of R.S. 23:1221 and rejected his demands for penalties and attorney fees.
Plaintiff has appealed asking that the judgment be modified to grant him benefits for a total rather than a partial disability and to impose penalties and attorney fees against the insurer.
Plaintiff was working for Woody’s Motor Supply in Shreveport as a counter salesman at a monthly salary of $750 before being hired by Ram to manage a new store to be opened in Shreveport in April 1973. While on a trip to the Ram home office and warehouse in Monroe on April 13, 1973, plaintiff slipped and fell as he stepped onto a freight elevator injuring his right knee. He consulted Dr. James Zum Brun-nen in Shreveport the following day who diagnosed his injury as a sprain or tear of the medial collateral ligament in the inner aspect of the knee. He was treated by Dr. Zum Brunnen for this condition and by July 24, 1973, was found to have no swelling and a full range of motion in the knee. At that time, Dr. Zum Brunnen was of the opinion he could return to his previous work.
The evidence shows he was paid his full salary of $900 per month with Ram until November 1973 when Ram saw fit to close the branch store which plaintiff had been hired to manage in Shreveport. Plaintiff immediately went to work for his previous employer, Woody’s Motor Supply, as an assistant manager at a salary of $800 per month. At the time of trial, his salary had been increased to $875 per month.
Plaintiff filed this proceeding in March 1974, contending that the injury which he suffered to his knee while in the employment of Ram causes him a substantial degree of pain in the performance of his duties and he is entitled to receive benefits provided under the statute for a total and permanent disability.
Subsequent to the filing of suit, plaintiff was examined by Dr. A. E. Dean at the request of defendants. Dr. Dean performed an arthrogram on August 28, 1974, and as a .result thereof, it was determined plaintiff had a definite tear of the medial meniscus or cartilage in the knee. Dr. Dean prescribed a knee cage brace for immediate treatment as plaintiff did not desire to have any corrective surgery performed.
Dr. Dean testified that standing on the knee for long lengths of time would not necessarily cause pain. Only when a movement such as twisting or squatting causes a catch in the knee does the probability of pain exist. The pain resulting from such a condition is not a constant but rather a spasmodic or occasional type thing according to Dr. Dean’s testimony. Dr. Dean is of the opinion that in the event plaintiff should decide to have corrective surgery, it would in all probability be successful and would result in an approximate five per cent disability of the knee. Dr. Zum Brun- *909 nen testified a torn cartilage could cause a maximum disability to the knee of fifteen per cent.
Plaintiff testified he does have pain after working for periods of time on the knee. He presented several witnesses who have observed him at various times at his present employment at Woody’s Motor Supply who testified he has complained to them of his knee hurting. One or more of the witnesses have observed him walk with a limp on occasions.
The evidence is somewhat conflicting as to what duties are required qf plaintiff in his employment which could cause a “catching” movement in his knee and resulting pain. There is some direct testimony that a counter salesman is frequently required to bend, squat, and climb a ladder for auto parts.
Plaintiff, under cross examination, testified his position is substantially managerial and that it is rare that he is required to climb a ladder and that he primarily works with the customer and has available other help to do the climbing and squatting to procure parts.
There is an absence of any medical testimony indicating that plaintiff is incapable of performing the customary duties of his employment without enduring substantial pain. Whether a claimant is undergoing substantial pain in the performance of the duties of his employment is a factual question which must be resolved under the circumstances presented in each individual case.
Plaintiff relies heavily on the Supreme Court decision in Futrell v. Hartford Accident & Indemnity, 276 So.2d 271 (La.1973), in which the court determined that an automobile mechanic who had a similar knee injury to the one suffered by plaintiff, was totally and permanently disabled because of the duties required of a mechanic.
We do not find the duties of an automobile mechanic as described in Futrell to be comparable to the work of a parts’ counter salesman whose duties are partially managerial and much less strenuous in nature.
There is no evidence that plaintiff has missed any days of work after returning to work for his present employer because of his knee condition. He has also continued to earn substantially the same wages as before the injury. The manager of Woody’s Motor Supply testified on behalf of plaintiff and although he stated plaintiff was not as fast as he had formerly been, there is no inference in his testimony plaintiff would not be continued in his position because of any physical inability to do the work required of him in a satisfactory manner.
Under the circumstances presented, it would appear the trial court was not in error in finding the only benefits to which plaintiff is entitled are for a percentage of permanent disability to the knee under the partial disability provisions of R.S. 23:1221.
In awarding plaintiff a fixed amount of $2,057.00 for a partial disability under R.S. 23:1221, the trial judge did not set forth in detail in his reasons for judgment his method of calculating the amount awarded. His reasons indicate he proceeded under subsection (3) of section 1221 which is contingent on the claimant suffering a diminution in earnings.
Plaintiff has continued to earn substantially the same amount as he did prior to the injury. It would therefore appear to be more appropriate to determine his benefits in accord with R.S. 23:1221(4)(o).
His restriction on the use of his knee which obviously affects the leg as a whole does not exceed fifteen per cent in our appreciation of the medical testimony.
His weekly earnings at the time of the injury were approximately $225. Sixty-five per cent of this amount is $146.25. Fifteen per cent of this sum equals $21.94. The statute in effect at the time of the injury allows 175 weeks for the loss of a leg. Therefore 175 weeks at $21.94 per week is $3,839.50, which is the amount plaintiff is *910 entitled to for his partial permanent disability.
Plaintiff also contends the trial court was in error in not awarding penalties and attorney fees against the insurer for an arbitrary and capricious failure to pay benefits due him.
The evidence in the record is not sufficient to show that the defendant insurer’s failure to pay or tender benefits was arbitrary or capricious.
For the foregoing reasons, the judgment appealed from is amended and recast as follows:
It is ordered that there be judgment in favor of plaintiff, Fred J. Bernal, and against defendants, Ram Auto Supply, Inc. and Employers Commercial Union Insurance Company, in solido, for workmen’s compensation benefits at the rate of $21.94 for a total of 175 weeks, together with legal interest on any weekly payment which is or shall become delinquent. Plaintiff’s claim for penalties and attorney fees is denied. Costs of trial and appeal are assessed to defendants.
Amended and affirmed.